**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 07-4254**

—————

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff – Appellee,

　　　v.

STEVIE BURTON,

　　　　　　　　Defendant – Appellant.

—————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.　Alexander Williams, Jr., District
Judge.　(8:04-cr-00559-AW)

—————

Submitted:　October 27, 2009　　　　Decided:　November 6, 2009

—————

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Jane C. Norman, BOND & NORMAN, Washington, D.C., for Appellant.
Rod J. Rosenstein, United States Attorney, Sandra Wilkinson,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stevie Burton appeals the district court's judgment sentencing him to consecutive prison terms totaling 352 months after pleading guilty to conspiracy to distribute cocaine and cocaine base, and possession of a firearm in furtherance of a drug trafficking crime. On appeal, he contends the district court abused its discretion in denying his motion to withdraw his guilty plea and in allowing cross-examination at the hearing on the motion; the district court plainly erred under U.S. Sentencing Guidelines Manual §§ 6A1.3, 6A1.4 (2005) when finding he was not entitled to a reduction in offense level at sentencing for acceptance of responsibility; the Government breached the plea agreement by opposing the reduction and the district court erred in not holding a hearing on the issue; and his case should be remanded for resentencing in view of Kimbrough v. United States, 552 U.S. 85 (2007). We affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, and he bears the burden of demonstrating to the district court's satisfaction that a fair and just reason supports his request to withdraw. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). In deciding whether to grant the motion, the district

2

court considers: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether he has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and filing of the motion; (4) whether the defendant has had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the Government; and (6) whether it will inconvenience the court and waste judicial resources. Id. The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Fed. R. Crim. P. 11 colloquy at which the guilty plea was accepted; and a properly conducted Rule 11 colloquy raises a strong presumption that the plea is final and binding and leaves a defendant with a very limited basis upon which to have his plea withdrawn. United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003).

We have reviewed the record and conclude that the district court did not abuse its discretion in denying Burton's motion to withdraw his guilty plea. Burton claimed that his plea was not knowingly entered into because he thought the plea agreement he signed was the same as a previous version and he was unaware of its provisions regarding forfeiture. However, in his guilty plea colloquy, the district court specifically questioned Burton concerning these provisions, and he confirmed his understanding of them. At the hearing on his motion, Burton

3

also expressed concern that the Government could claim that he breached the plea agreement because his wife had filed claims to forfeitable assets. The district court responded that it was the court's decision as to whether Burton was in breach of the agreement and confirmed the Government had not asserted such a claim before the court. At the end of the hearing, the district court found Burton failed to present sufficient evidence to warrant a withdrawal, as there simply was no credible evidence showing his plea was not knowing and voluntary, and the remaining Moore factors did not weigh in his favor. On appeal, Burton does not allege any error in the district court's plea colloquy but reasserts his claim that his plea was not knowingly entered into; contends his plea agreement was void based on his own violation of the agreement; and complains that the district court relied on the Moore factors in denying his motion. We find no abuse of discretion by the district court.

Burton next contends that the district court abused its discretion in allowing the Government to cross-examine him at his withdrawal hearing resulting in loss of a reduction for acceptance of responsibility. While acknowledging there were six factors under Moore that the district court had to consider, Burton asserted his focus in bringing the motion was "not on strongly whether he admitted any involvement" in the offense but whether he knowingly understood and entered his plea. When

4

Burton's attorney proposed having him testify, the district court strongly cautioned against doing so, specifically noting his innocence was one of the factors the court had to consider and he risked losing points for acceptance of responsibility. The court suggested counsel could represent what his testimony would be. However, despite the warning, Burton decided to testify. While he did not discuss the issue of innocence on direct examination, the Government questioned him regarding whether he conspired with other people to sell drugs as charged in the indictment. The district court overruled Burton's objection as this was a relevant issue under the Moore standard. As a result, Burton made statements that were inconsistent with those in his plea agreement and guilty plea colloquy.

On appeal, Burton argues the district court's ruling violated Fed. R. Evid. 104(a), 611(b); and Simmons v. United States, 390 U.S. 377 (1968). However, Rule 104(a) and Simmons are not applicable to the hearing in this case because it was not a motion to suppress evidence or other preliminary hearing, and we find no abuse of discretion in the district court's ruling under Rule 611(b). See United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994). A defendant who testifies waives his Fifth Amendment privilege against self-incrimination in all subject matters relevant to the direct examination and therefore subject to proper cross-examination. See Brown v.

5

United States, 356 U.S. 148, 154-56 (1958); Johnson v. United States, 318 U.S. 189, 195-96 (1943).  Under Rule 611(b), cross-examination is permitted as to the subject matter of the direct examination, matters affecting the credibility of the witness, and, in the exercise of discretion, additional matters as if on direct examination.  See Fed. R. Evid. 611(b).  Here, the issue of whether Burton claimed innocence in support of his motion to withdraw his plea was relevant to his reasons for requesting withdrawal and the district court's consideration under Moore, and it was therefore a subject matter relevant to his direct examination on the motion.  We conclude there was no abuse of discretion in allowing the Government's cross-examination.

Burton next contends the district court plainly erred in not holding an evidentiary hearing under USSG § 6A1.3 to determine whether he should receive a reduction for acceptance of responsibility, and in failing to provide notice pursuant to USSG § 6A1.4 that the court "planned to possibly depart from the applicable sentencing guideline range" by denying an adjustment for acceptance of responsibility.  We find no plain error by the district court.  USSG § 6A1.4, based on Fed. R. Crim. P. 32(h), does not apply in this case because there was no departure from the applicable guideline range.  Cf. Irizarry v. United States, 128 S. Ct. 2198, 2202-03 (2008).  In any event, Burton was on notice prior to sentencing that acceptance of responsibility was

a disputed sentencing factor both because of the Government's response to his motion to withdraw his guilty plea and the district court's statements at the motion hearing. Moreover, the district court fully complied with USSG § 6A1.3, by giving Burton an adequate opportunity to present information regarding the disputed factor, and the court resolved the dispute at a sentencing hearing in accordance with Fed. R. Crim. P. 32(i). On appeal, Burton contends the district court should have conducted an evidentiary hearing on the issue. However, the resolution of the issue was based on Burton's testimony at the motion hearing; he did not seek to introduce any evidence at sentencing or request an evidentiary hearing; and the district court did not plainly err in failing to provide one.

Burton next contends the Government breached the plea agreement by opposing an acceptance of responsibility reduction and the district court erred in failing to hold a hearing on the issue. Because Burton raises this issue for the first time on appeal, our review is for plain error. See Fed. R. Crim. P. 52(b); Puckett v. United States, 129 S. Ct. 1423, 1428 (2009). We find no error. The plea agreement provided the Government was permitted to oppose any adjustment for acceptance of responsibility if Burton attempted to withdraw his guilty plea, among other things. Thus, the Government did not breach the agreement when it responded to Burton's motion to withdraw his

7

guilty plea with a request that he be denied a reduction for acceptance of responsibility, and the district court did not err in failing to hold a hearing that Burton never requested.

Finally, Burton contends his case should be remanded for resentencing in view of Kimbrough. Because Burton did not preserve this claim in the district court but raises it for the first time on appeal, our review is for plain error. See United States v. Rodriguez, 433 F.3d 411, 414-16 (4th Cir. 2006). Therefore, it is his burden to show that (1) an error occurred, (2) it was plain, (3) the error affected his substantial rights, and (4) we should exercise our discretion to notice the error. See United States v. Olano, 507 U.S. 725, 732 (1993). We find that Burton has not made this showing. On appeal, he argues that if the district court knew that it had discretion under Kimbrough to "depart" from the guideline range based on the disparity in sentencing between powder and crack cocaine, it "might have done so." Even if we concluded the district court plainly erred by treating the crack guidelines as mandatory, Burton fails to show any prejudice because he does not point to any nonspeculative basis in the record to indicate that the district court would have imposed a lower sentence if it had the benefit of Kimbrough at the time of sentencing. See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).

8

We therefore affirm the district court's judgment. We deny Burton's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED